TOMÁS E. GUAL, Plaintiff and Appellee, v. ROSA PÉREZ PÉREZ ET AL., Defendants and Appellants.

No. 10436.   Argued April 11, 1951.—Decided May 31, 1951.

570

*Daniel Pellón Lafuente* for appellants. *Manuel I. Vallecillo* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is a suit for a declaratory judgment filed by Tomás E. Gual against Rosa Pérez Pérez and Salvador J. Pérez. The question is whether, as Gual alleges, the defendants entered into a verbal contract with Gual to lease to the latter the lot and building located at 1465 (formerly 212) Ponce de León Avenue, Santurce. This property originally belonged to Rosa Pérez Pérez and her husband, Salvador Pérez, as community property. In view of the death of the latter, it now belongs undividedly in common to his widow, Rosa Pérez Pérez, and to their children, Salvador J., Luis, Rosa Dolores and Ramona Alicia.

After a trial on the merits, the lower court found the following facts: in March, 1947 the defendants, Rosa Pérez Pérez and Salvador J. Pérez, verbally leased the lot and buildings in question to the plaintiff for five years, to take effect on March 6, 1947, on condition (1) that the plaintiff obtain possession of the property from Felipe López who was the tenant at that time, (2) that the plaintiff would not oppose a petition for increase of the rent which the defendants would file with the corresponding government agency, and (3) that the plaintiff would pay rent at the original rent of $158 a month or at the increased rate if it

were granted. These conditions were fulfilled. The plaintiff bought the furniture business from Felipe López which the latter was operating therein and obtained possession of the property from him. And the corresponding government office increased the monthly rent from $158 to $218 shortly after the plaintiff went into possession.

The lower court also found that Rosa Pérez had accepted on her own behalf the verbal lease contract; that Salvador J. Pérez was in March, 1947, the duly autorized attorney-in-fact for Rosa Dolores and Luis; that Salvador had accepted the verbal lease contract for himself, for Rosa Dolores and for Luis; that Salvador was also attorney-in-fact for Ramona, but was not appointed until after the date of the verbal agreement; and that Rosa Pérez and Salvador, as the owners of a majority in interest of the property, even without considering the interests of Luis and Rosa Dolores for whom Salvador was attorney-in-fact, had entered into a binding verbal contract with the plaintiff which provided for a five year lease beginning March 6, 1947 at a rental of $158 a month or at the increased rate when the latter was authorized, and also provided that the contract shall be incorporated in a public deed and be recorded in the corresponding Registry of Property.

The lower court also found that after the plaintiff had already gone into possession of the property but prior to the filing of the instant case, Salvador filed in the district court an unlawful detainer suit against Felipe López. This suit was dismissed by the lower court. After the present suit was filed, Salvador filed another unlawful detainer proceeding against Felipe López without joining Gual despite the fact that Salvador knew that Gual had gone into possession of the property pursuant to his arrangement with López whereby Gual had purchased the furniture business López was operating in the said property. The lower court decided this second unlawful detainer suit in

favor of the plaintiff therein on the ground that Felipe Ló-pez, the tenant, had subleased the property without the consent of the landlord. In the light of the foregoing findings of fact, the lower court concluded that it should make permanent the temporary injunction which it had issued restraining Rosa and Salvador from executing on Gual the judgment in the unlawful detainer suit.

The lower court accordingly entered a judgment providing (1) that Rosa and Salvador execute a lease contract in a public deed with Gual for the property in question; (2) that this lease will be for five years beginning March 6, 1947; (3) that the rent will be $158 monthly until the effective date of the authorized increase, when it will be $218 monthly; (4) that this contract will be recorded in the corresponding Registry of Property; (5) that Rosa and Salvador are permanently enjoined from executing the judgment in the unlawful detainer suit on the person of Gual; (6) that the defendants shall pay the costs and $250 in attorney's fees. The case is here on appeal from this judgment.

■ The first assignment is that the lower court erred in overruling the motions to dismiss filed by the defendants. The latter argue here that under the Uniform Declaratory Judgment Law, Act No. 47, Laws of Puerto Rico, 1931, a suit for a declaratory judgment does not lie under the circumstances of this case. They contend that Act No. 47 may be utilized only to obtain a judicial determination of the meaning of a contract which admittedly exists. They therefore argue that a suit for a declaratory judgment is not the proper proceeding where as here the facts are in dispute as to the existence of an oral contract and the purpose of the suit is to establish the existence of the contract. We recently rejected this contention in Llópiz v. Arburúa, ante, p. 496. We have nothing to add to what we said in that case as to the propriety of bringing a suit for a declaratory judgment to resolve dispute over facts.

■■ The second assignment is that the lower court erred in issuing the preliminary and permanent injunctions with reference to the unlawful detainer suit "as this is not an injunction suit".

This is a frivolous contention. We do not stop to examine the questions raised as to the preliminary injunction since it was superseded by the permanent injunction. *Heirs of Figueroa* v. *Hernández, ante,* p. 474. As to the latter, in view of the testimony and the facts found by the lower court, it was not only proper but necessary for the lower court to make effective its jurisdiction in the suit by Gual for a declaratory judgment by entering a permanent injunction restraining the defendants from evicting Gual under the judgment of ouster in the case against López in which Gual was not a party. See § 8 of Act No. 47; *Heirs of Figueroa* v. *Hernández, supra; Rivera* v. *Tugwell, Governor,* 59 P.R.R. 834.

■ The third assignment is that the lower court erred in holding that the majority in interest of the co-owners herein could enter into a five year lease of real estate, recordable in the Registry of Property.

As a preliminary question, the defendants first contend that Salvador was only a nominal party in this suit, as he is not mentioned in the allegations of the complaint, except in the prayer for a restraining order because he was the plaintiff in the unlawful detainer suit. But the lower court thereafter ordered that Salvador be made a party to the suit. And he filed a motion to dismiss and joined with Rosa in filing an amended answer. Moreover, the testimony showed and the lower court found that he and Rosa had made a verbal lease with Gual. Under these circumstances, we conclude that Salvador was a party defendant for all purposes, and not merely as to the questions of a restraining order and injunction.

Pointing out that Rosa and Salvador, even without the

interests of his brother and sister for whom he was attorney-in-fact, represented the majority in interest in the property, the lower court held that they were entitled, as an act of administration, to enter into the five year lease with Gual pursuant to § 332, Civil Code, 1930 ed.[1]  It therefore held that the lease was binding on the other co-owners as the lease benefited them in view of the fact that the rent was fixed at the highest rate permitted by law and that no condition was established therein to their prejudice.  In support of its conclusion, it cited the Judgment of June 8, 1902 of the Supreme Court of Spain stating that ". . . Anglade, as co-owner representing 3/4 of the said mine, having decided to lease it, it is obvious that the said agreement . . . is binding on Corral, and it is therefore executory . . . ".  The lower court also cited *Los Comentarios de Manresa* on § 398 of the Spanish Civil Code, corresponding to our § 332.

We agree with the lower court that the five year lease herein agreed to by the majority in interest of the co-owners was valid inasmuch as it was an act of administration and not an act of strict ownership.  It is true that where the parties as here agree thereto, a five-year lease may be recorded under § 2, par. 5 of the Mortgage Law.  But although such a contract is valid as an act of administration, it cannot be recorded despite the agreement of the parties

---

[1] Section 332 reads as follows:

"The resolution of the majority of the participants as to the management and better enjoyment of the thing held in common shall be binding on all.

"A majority shall not be deemed to exist except when the resolution has been taken by the participants representing a majority of the interests which constitute the object of the common ownership.

"If no majority results, or if the resolution of the majority is seriously prejudicial to the persons interested in the thing held in common, the district court, on petition of any of the parties, shall decree what may be proper, including the appointment of an administrator.

"When a part of the thing belongs privately to one or to several of the part-owners, and the remainder in common, the preceding provisions shall only apply to the part held in common."

See also, § 333 of the Civil Code.

because the latter step would be an act of strict ownership constituting a lien on the property and would therefore require the consent of all the co-owners. *Smith* v. *Registrar of Property*, 18 P.R.R. 168; 3 Manresa, *Comentarios al Código Civil Español*, 1934 ed., pp. 466, 469; 14 *Repertorio Doctrinal y Legal de Jurisprudencia Civil Española*, 1948 ed., p. 37, reporting the Judgment of July 1, 1909 of the Supreme Court of Spain; 1 Morell, *Legislación Hipotecaria* 384–85; *López* v. *Registrar of San Juan*, 24 P.R.R. 389; §§ 1604, 1232, Civil Code. *Cf. Anuario De La Dirección General De Los Registros De 1907*, Resolution of April 26, 1907, p. 245, where such a lease, although for more than six years, was held recordable.

Here the parties agreed that the contract would be recorded in the Registry of Property. That provision of the contract cannot be carried out, as such recordation would go beyond administration and affect the real estate interests of the non-conforming co-owners. But there is no reason why, as indicated in the foregoing authorities, the lease contract for five years may not be enforced between the parties as an act of administration without recordation thereof. We shall therefore modify the judgment of the lower court to this effect.

The fourth assignment is that the lower court erred in not dismissing the complaint because of the failure of the plaintiff to join all the necessary parties as required by Rule 19(b) of the Rules of Civil Procedure. Here the defendants argue that the other heirs were necessary parties. But we have already held that Rosa and Salvador could execute a lease binding their co-owners. By the same token, a suit to declare and to enforce the agreement could be brought solely against those co-owners who had the power to bind the remaining co-owners without joining the latter. See *Echevarría* v. *Despiau, ante*, p. 442; *Cibés et al.* v. *Santos et al.*, 22 P.R.R. 208, 215–16.

■ The fifth assignment relates to t1e weighing of the evidence by the lower court as to one phase of the case. We have examined the record and have found that it contains sufficient evidence to support the findings of facts.

We shall modify the judgment by eliminating the requirement for recordation of the lease in the Registry of Property. As thus modified, the judgment will be affirmed.

Mr. Acting Chief Justice Todd, Jr., did not participate herein.